IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. and SERVPRO INDUSTRIES, INC., <br><br>　　Plaintiffs, <br><br>v. <br><br>J.L. BARNES INSURANCE AGENCY, INC. d/b/a JLBG HEALTH, d/b/a AHIX MARKETPLACE, JEFFREY L. BARNES, and TODD PAGE <br><br>　　Defendants. | Civil No. 16-cv-7823 <br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for breach of contract, trademark infringement, and unfair competition or deceptive trade practices against J.L. Barnes Insurance Agency, Inc. d/b/a JLBG Health, d/b/a Ahix Marketplace, Jeffrey L. Barnes, and Todd Page (collectively "Defendants") and state as follows:

## PARTIES

1.  Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2.  Upon information and belief, J.L. Barnes Insurance Agency, Inc. ("JLBG") is a corporation organized under the laws of the State of Illinois.

1

3. Upon information and belief, JLBG's principal place of business is 4355 Weaver Parkway, Warrenville, Illinois 60555.

4. Upon information and belief, JLBG does business as JLBG Health or as AHIX Marketplace or as both.

5. Upon information and belief, AHIX Marketplace is a division of JLBG.

6. Upon information and belief, one of the active agents behind JLBG is Jeffrey L. Barnes (hereinafter "Mr. Barnes").

7. Upon information and belief, one of the active agents behind JLBG is Todd Page (hereinafter "Mr. Page").

8. Upon information and belief, Mr. Barnes is the owner and president of JLBG.

9. Upon information and belief, Mr. Page is the Senior Vice President of Sales and Marketing at JLBG.

## BACKGROUND

10. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

11. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

12. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the "SERVPRO" mark to customers.

13. The services offered by Servpro or its franchises include residential cleaning, commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration.

14. Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark and consumers have purchased billions of dollars of "SERVPRO" goods and services.

15. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" variants and derivatives (hereinafter "Servpro Marks"), more specifically:

    a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

    b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

    c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:



3

d. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:



e. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



f. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,368,163 (Exhibit 6 hereto) in connection with "mold remediation services" for the following mark:



g. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 2,175,467 (Exhibit 7 hereto) in connection with "providing information in the fields of property and casualty insurance on-line, via a web site on a global computer

network designed to allow controlled access to proprietary information by franchises and approved agents; providing information, on-line via a global computer network, regarding cleaning and damage restoration of structures and/or their contents; computer services, namely, providing multiple-user access to a global computer network in the field of cleaning and damage restoration of structures and/or their contents and insurance issues relate thereto" for the trademark "SERVPRONET".

h.  Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,872,314 (Exhibit 8 hereto) in connection with "Carpet, furniture and drapery cleaning services; restoration of building structures damaged by fire water and other catastrophes both indoors and outdoors; restoration of furniture damaged by fire, water and other catastrophes" for the following mark:



16. Servpro Industries, Inc. is the exclusive licensee of the Servpro Marks and has extensively used the Servpro Marks nationally.

17. Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the Servpro Marks.

18. Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the Servpro Marks.

19. Servpro offers online services pertaining to insurance under one or more of the Servpro Marks, including the SERVPRONET mark.

20. Servpro offers other online services under one or more of the Servpro Marks, including the SERVPRONET mark.

21. As a result of this extensive use and promotion of the Servpro Marks, Servpro has developed significant and extensive good will in the Servpro Marks nationally.

22. As a result, the Servpro Marks are strong and famous throughout the United States.

23. The Servpro Marks are well known.

### HISTORY OF INFRINGING ACTIVITY

24. JLBG owns at least 587 domain names.

25. Each of those 587 domain names resolves to JLBG's AHIX MARKETPLACE website at www.ahix.com

26. Some of the 587 domain names contain words or phrases that serve as trademarks for third parties.

27. Some of the 587 domain names contain words or phrases that are federally registered trademarks belonging to third parties.

28. One of those 587 domain names owned by JLBG is www.servprohealth.com (the "Infringing Domain Name").

29. The Infringing Domain Name resolves to JLBG's AHIX MARKETPLACE website at the domain name www.ahix.com.

30. JLBG has owned the Infringing Domain Name at least since June 20, 2014.

31. Because JLBG is a corporation, its infringing activities must be directed and conducted by a person.

32. Because JLBG has owned the Infringing Domain Name since 2014 and 586 other domain names for some period of time, all of which appear to resolve to JLBG's website, and many of which appear to infringe or usurp the trademark rights of third parties, JLBG's ownership of such other domain names appears to be a pattern or practice of the company.

33. Such pattern or practice must have been authorized, conducted, or known by a person with senior authority at JLBG.

34. Accordingly, as the senior vice president of sales and marketing, Mr. Page authorized, conducted, or knew about JLBG's use of the Infringing Domain Name.

35. Accordingly, as the president, Mr. Barnes authorized, conducted, or knew about JLBG's use of the Infringing Domain Name.

36. Defendants have derived customers, performed services, garnered business, and made profits as a result of traffic to websites resolving from the Infringing Domain Name.

37. These services compete directly with the services offered by Servpro and/or Servpro's franchisees.

38. Defendants' use of the Servpro Marks is not authorized by Servpro.

39. Defendants' use the Servpro Marks is neither fair use nor in good faith.

## JURISDICTION AND VENUE

40. Subject matter jurisdiction for the trademark infringement and deceptive trade practices claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

41. Supplemental jurisdiction for the deceptive trade practices claim is proper pursuant to 28 U.S.C. § 1367 because this Court has original jurisdiction over the other claims in this action, and the breach of contract claims are so related to these other claims, and spring from the same set of facts, that they form part of the same case or controversy under Article III of the United States Constitution.

42. Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because Defendants are located and reside within this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

43. The Court has personal jurisdiction over Defendants because Defendants engage in business in Illinois and are located in Illinois.

44. Further, the acts complained of herein occurred in Illinois.

45. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendants have purposefully established "minimum contacts" with the State of Illinois, and (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

46. Therefore, this Court has specific and general jurisdiction over Defendants.

## CLAIMS

### *Count I - Trademark Infringement*

47. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

48. Servpro owns the Servpro Marks.

49. Defendants have infringed and are infringing the Servpro Marks.

50. By using the Infringing Domain Name in the manner alleged, Defendants are likely to cause confusion or mistake or to deceive.

51. By using the Infringing Domain Name in the manner alleged, consumers are likely to be confused as to the source, origin, sponsorship, and/or affiliation of Defendants' services with Servpro's services.

52. As JLBG is a business entity, its actions, including those of using and infringing the Servpro Marks, are controlled by Mr. Barnes and Mr. Page serving as active agents.

53. Defendants' conduct relating to the use of the Servpro Marks is without the permission of Servpro.

54. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the Servpro Marks.

55. Defendants are thus in violation of Illinois common law and Illinois statute (765 Ill. Comp. Stat. Ann. 1036/60 *et seq.*) regarding the Servpro Marks.

56. Such acts by Defendants cause Servpro irreparable harm as to which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. § 1116.

57. Such acts further cause harm to Servpro as to which Servpro is entitled to an accounting of profits and to recover Defendants' profits.

58. Such acts further cause harm to Servpro as to which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

59. Given that Defendants' infringing conduct is widespread and in bad faith and Defendants make no effort to distinguish themselves from Servpro, Defendants' conduct is willful.

60. Given that this is an exceptional case, considering Defendants' bad faith and rampant use of trademarks in other domain names, Servpro is entitled to attorneys' fees

61. Given that Defendants' conduct is willful and in bad faith, Servpro requests trebled damages.

### *Count II - Deceptive Trade Practices (Unfair Competition)*

62. SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

63. Servpro owns the Servpro Marks.

64. Defendants have no right to use the Servpro Marks in connection with their goods or services, yet Defendants have passed off their services to the public under the name and trademarks of Servpro, including by using the Infringing Domain Name.

65. By using the Infringing Domain Name, Defendants are likely to create confusion as to source, origin, sponsorship, and/or affiliation of Defendants' services with Servpro's services.

66. As JLBG is a business entity, their actions, including those of using the Servpro Marks, are controlled by Mr. Barnes and Mr. Page serving as active agents.

67. Even if Defendants' actions were not intentionally deceptive, it is sufficient that such actions would naturally and probably result in deception.

68. Defendants' conduct relating to the use of the Servpro Marks is without the permission of Servpro.

69. Defendants' actions constitute passing off and common law misappropriation of the Servpro Marks, which are actionable acts of deceptive trade practices under Illinois common law and Illinois statute (815 Ill. Comp. Stat. Ann. 510/2 *et seq.*).

70. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under 15 U.S.C. § 1125(a).

### *Count III - Cyber Piracy*

71. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

72. Servpro is the owner of the Servpro Marks.

73. The Servpro Marks were distinctive prior to June 2014.

74. Defendants, including the individuals Mr. Page and Mr. Barnes, have a bad faith intent to profit from the Servpro Marks.

75. Defendants, including the individuals Mr. Page and Mr. Barnes, registered or used, or registered and used, a domain name that is identical or confusingly similar to the Servpro Marks (said domain name was previously identified as the Infringing Domain Name).

76. Prior to the time Defendants registered the Infringing Domain Name, the Servpro Marks were distinctive.

77. Defendants, including the individuals Mr. Page and Mr. Barnes, registered or used, or registered and used, a domain name that is dilutive of the Servpro Marks (said domain name was previously identified as the Infringing Domain Name).

78. Prior to the time Defendants registered the Infringing Domain Name, the Servpro Marks were famous.

79. Defendants, in registering and using the Infringing Domain Name, intended to profit from the Servpro Marks that were registered and distinctive at the time of Defendants' registration of the Infringing Domain Name.

80. Defendants' use of the Servpro Marks in the Infringing Domain Name constitutes bad faith because Defendants do not use the domain name in connection with the bona fide offering of any goods or services, but rather redirect the domain name to another website.

81. Defendants' use of the Servpro Marks in the Infringing Domain Name constitutes bad faith because Defendants registered or acquired, or registered and acquired, multiple domain names which Defendants know are identical or confusingly similar to marks of others that were distinctive at the time of registration of those domain names.

82. Defendants' use of the Servpro Marks in the Infringing Domain Name constitutes bad faith because Defendants registered or acquired, or registered and acquired, multiple domain names which Defendants know are identical or confusingly similar to marks of others that were dilutive of famous marks of others that were famous at the time of registration of such domain names.

83. As JLBG is a business entity, its actions, including those of using the Servpro Marks, are controlled by Mr. Barnes and Mr. Page serving as active agents.

84. Defendants' actions constitute bad faith intent under 15 U.S.C § 1125(d).

85. Defendants' actions constitute cyber-piracy under 15 U.S.C § 1125(d).

86. Servpro is entitled to a statutory award in the amount of $100,000 per instance of cyber piracy pursuant to 15 U.S.C § 1125(d) and 15 U.S.C. § 1117(d).

87. Defendants are also in violation of Illinois common law and Illinois statute (765 Ill. Comp. Stat. Ann. 1036/65 *et seq.*) regarding the Servpro Marks.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A.    That the Court enter injunctive relief, ordering that Defendants, as well as all of JLBG's officers, agents, servants, employees, attorneys, successors in interest, and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the Servpro Marks;
2. Offering any goods or services using any mark containing the Servpro Marks;
3. Offering any goods or services using any mark containing Servpro;
4. Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;
5. Using "SERVPRO", "Servpro", "Servco", or any derivations thereof in any domain name, online advertising, search engine optimization, advertisement, directory, or promotional material;
6. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services;
7. Registering, using, or possessing any domain name that contains one or more of the Servpro Marks or any derivatives thereof.

B.    That the Court enter preliminary and permanent injunctive relief ordering Defendants, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court.

13

C.  That the Court award Servpro statutory damages pursuant to 15 U.S.C. § 1125(d)(1) and 15 U.S.C. § 1117(d) in the amount of $100,000 for each Infringing Domain Name for a total of $100,000;

D.  That the Court award Servpro damages amounting to at least $330,000 based on Defendants' profits, Servpro's damages, Servpro's attorneys' fees and costs, and multiplied damages because of Defendants' willful, wrongful conduct;

E.  A trial by jury as to all issues; and

F.  That the Court award such further relief as is merited under law and equity.

Respectfully submitted,

*s/ J. Kent Mathewson*
J. Kent Mathewson ARDC: 06183297
Donohue Brown Mathewson & Smyth LLC
140 South Dearborn Street
Suite 800
Chicago, IL 60603
Kent.mathewson@dbmslaw.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*

*To be admitted pro hac vice:*

Edward D. Lanquist, Jr. (TN BPR # 013303)
Scott M. Douglass (TN BPR # 031097)
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
T: (615) 242-2400
F: (615) 242-2221
edl@iplawgroup.com
smd@iplawgroup.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ____for the Northern District of Illinois____ on the following

☑ Trademarks or  ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT<br>for the Northern District of Illinois |
|---|---|---|
| PLAINTIFF<br>Servpro Intellectual Property, Inc. and Servpro Industries, Inc. | | DEFENDANT<br>J.L. BARNES INSURANCE AGENCY, INC. d/b/a JLBG HEALTH, d/b/a AHIX MARKETPLACE, JEFFREY L. BARNES, and TODD PAGE |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 1,845,906 | 7/19/1994 | Servpro Intellectual Property, Inc. |
| 2 | 3,361,893 | 1/1/2008 | Servpro Intellectual Property, Inc. |
| 3 | 1,707,245 | 8/11/1992 | Servpro Intellectual Property, Inc. |
| 4 | 1,726,156 | 10/20/1992 | Servpro Intellectual Property, Inc. |
| 5 | 1,804,022 | 11/16/1993 | Servpro Intellectual Property, Inc. |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☑ Other Pleading | |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1**—Upon initiation of action, mail this copy to Director   **Copy 3**—Upon termination of action, mail this copy to Director
**Copy 2**—Upon filing document adding patent(s), mail this copy to Director   **Copy 4**—Case file copy

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____for the Northern District of Illinois_____ on the following

☑ Trademarks or ☐ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT<br>for the Northern District of Illinois |
|---|---|---|
| PLAINTIFF<br><br>Servpro Intellectual Property, Inc. and Servpro Industries, Inc. | | DEFENDANT<br><br>J.L. BARNES INSURANCE AGENCY, INC. d/b/a JLBG HEALTH, d/b/a AHIX MARKETPLACE, JEFFREY L. BARNES, and TODD PAGE |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 3,368,163 | 1/15/2008 | Servpro Intellectual Property, Inc. |
| 2 | 2,175,467 | 7/21/1998 | Servpro Intellectual Property, Inc. |
| 3 | 3,872,314 | 11/9/2010 | Servpro Intellectual Property, Inc. |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☑ Other Pleading | | |
|---|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director**    **Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director**    **Copy 4—Case file copy**